**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
Annick M. Persinger (State Bar No. 272996)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:    (925) 407-2700
E-Mail: ltfisher@bursor.com
           swestcot@bursor.com
           apersinger@bursor.com

*Attorneys for Plaintiffs Ilya Podobedov,
Jordan Moussouros, and Richard N. James*

*(additional counsel appears on signature page)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: 5-Hour Energy Marketing and Sales Practices Litigation, MDL No. 2438 | Case No. 2:13-ml-02438 PSG (PLAx) (Member Case 2:11-cv-06408-PSG-PLA)<br><br>**REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)**<br><br>Judge: Hon. Phillip S. Gutierrez<br>Date:   November 4, 2013<br>Time:   1:30 p.m.<br>Ctrm:   880 |

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT
INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

Ilya Podobedov, Jordan Moussouros, Richard N. James and Cody Soto (the "California Plaintiffs") respectfully submit this reply in support of their motion to appoint their counsel Bursor & Fisher, P.A. ("Bursor & Fisher"), Faruqi & Faruqi, LLP ("the Faruqi Firm"), and Geragos & Geragos APC ("the Geragos Firm") as Co-Lead Interim Class Counsel in this action.

## I. THE COURT SHOULD REJECT THE ALABAMA GROUP'S PROPOSED LEADERSHIP STRUCTURE

### A. The Leadership Structure Proposed by the Alabama Group Is Cumbersome and Unwieldy

The Alabama Group has filed a motion asking that Patrick C. Cooper of Ward & Wilson, L.L.C. be appointed as co-lead interim class counsel. Also, in their reply brief, the Alabama Group now asks that three members of that group (Allen Schreiber, Todd Matthews and Al Yates) be added to the proposed executive committee and that an additional firm – Danilo Becerra – be appointed liaison counsel.[1] The California Plaintiffs believe that such a structure would be bloated, inefficient, and would not advance the interests of the class.

It appears that the Alabama Group has proposed this cumbersome and unmanageable leadership structure so that more lawyers in their group get titles, whether those titles are meaningful or not. Such a structure would only lead to chaos and problems in managing the case efficiently. The Alabama Group does not explain how such a structure would function and ensure that the case is litigated and managed in a cost-effective manner. For instance, the Alabama Group does not explain why liaison counsel is necessary or what role Mr. Becerra would serve in

---

[1] The Alabama Group's tardy proposal violates both the spirit and the letter of Central District Local Rule 7-3. The motion fails to include a date of the conference of counsel because the Alabama Group failed to inform the California Plaintiffs of their intent to add Liaison Counsel and additional Executive Committee members to their proposal.

that capacity. His inclusion is particularly troubling because both the Faruqi Firm and the Geragos Firm have offices in this district and there is no need for liaison counsel in a case like this. It is also difficult to see how a six-firm executive committee would function or benefit the class, particularly given that the California Plaintiffs' proposed leadership structure includes firms with experience litigating class actions all over the country.[2] The California Plaintiffs strongly oppose the inflated leadership structure proposed by the Alabama Group and believe that such a structure would not serve the interests of the class or the parties to this litigation.

Second, it is not simply a matter of excluding Mr. Cooper from the proposed structure. Rather, through collaborative dialogue, the California Plaintiffs proposed a structure that they believe serves the best interest of the class. To that end, Mr. Cooper has not proffered any unique experience or qualifications that would qualify him to be co-lead counsel in this case, nor result in a benefit to the proposed class. Although the California Plaintiffs generally do not question Mr. Cooper's skills as a lawyer or his background, Mr. Cooper's claim that he should be appointed as co-lead counsel because of his "depth of class action and complex litigation experiences" (Alabama Motion at iii), should be taken with a grain of salt. For example, Mr. Cooper states that he is "co-lead trial counsel with Robbins Geller in an $800 million securities class action against Regions Financial, the tenth largest bank in the country." *Id.* at iv. Mr. Cooper is not co-lead counsel, but rather "co-liaison counsel" in that case. Robbins Geller is the sole lead counsel in that action. *See* Exh. A to the Fisher Reply Decl. (1/20/11 Order in *Local 703 v. Regions*

---

[2] The Alabama Group claims to have expertise in consumer fraud law in almost half of the states represented before the Court. Alabama Motion at viii. However, the California Plaintiffs' counsel litigate extensively across the country and have experience in many of those same states, including New Jersey, Illinois, and Pennsylvania. Ironically, the consumer protection statutes of Alabama and Georgia do not permit class actions. *See* Ala. Code § 8-19-10(f); O.C.G.A. § 10-1-399.

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT
INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

2

*Financial Corp.*, S.D. Ala. Case No. CV 10-J-2847-S). Furthermore, other than the instant matter, Mr. Cooper has only one other consumer class action on his firm resume. In fact, Mr. Cooper's firm, Ward & Wilson, LLC, does not even list class actions as one of the firm's "Practice Areas." *See* http://www.wardandwilson.com/practice-areas.html (last visited Oct. 11, 2013).[3] In short, Mr. Cooper's qualifications do not stand out among the talented and experienced group of lawyers that represent the plaintiffs in these cases.

In contrast, virtually every other lawyer representing the plaintiffs in these cases has significant class action experience. Indeed, many of those representing the plaintiffs in this case, including L. Timothy Fisher from Bursor & Fisher and Anthony Vozzolo from the Faruqi Firm, have devoted all or most of their careers to litigating multi-state consumer class action lawsuits. Similarly, two of the proposed executive committee members, John Climaco of Climaco, Wilcox, Peca, Tarantino & Graofoli and Laurence King of Kaplan Fox, have represented plaintiffs in class actions for more than 50 years combined and bring a wealth of experience to the table in this case.[4] Yet, Mr. Cooper demands to be placed ahead of these other firms, even though he appears to have only begun litigating class actions on behalf of plaintiffs approximately four years ago[5] and appears to have relatively little experience litigating consumer cases like this one.

---

[3] Mr. Cooper is also not listed on Ward & Wilson's website and it appears that the resources of the firm are limited. *See* http://www.wardandwilson.com/attorney-profiles.html (listing only James S. Ward and Kenneth Joe Wilson, Jr. as the firm's attorneys).

[4] The case filed by the other proposed executive committee member is more advanced than any of the Alabama Group's actions. Joshua Harris Eggnatz, counsel for plaintiff in *Feiner v. Innovation Ventures, LLC*, litigated and survived a motion to dismiss in the Southern District of Florida.

[5] Alabama Motion at iv ("In 2009, Mr. Cooper joined Ward & Wilson to create an exclusively plaintiffs' class action practice.").

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

3

### B. The Alabama Group's Motion Largely Ignores the FRCP 23(g) Criteria

The Alabama Group does little to address the criteria enumerated in Federal Rule of Civil Procedure 23(g)(3). Specifically, they do not and cannot identify anything that they did to investigate or identify the claims in this action. *See* FRCP 23(g)(1)(A)(i) (the Court must consider "the work counsel has done identifying or investigating potential claims in the action"). The reason is obvious. Mr. Cooper's complaint, titled *Pettway v. Innovation Ventures, LLC,* was filed in the Northern District of Alabama on February 5, 2013, more than 18 months after Plaintiffs Podobedov, Moussouros and James filed their complaint in this Court on August 4, 2011. The *Pettway* complaint was not even one of the first complaints filed among the second wave of cases filed in 2012 and 2013. According to the Schedule of Actions filed with Defendants' MDL Petition, the *Pettway* action was the eighth case filed. Exh. B to the Fisher Reply Decl.

The Alabama Group's rote complaints demonstrate very little original investigation or work and do not contain nearly as many details as the comprehensive 38-page complaint filed by Plaintiffs Podobedov, Moussouros and James. It seems unlikely that Mr. Cooper or anyone in the Alabama Group performed any real investigation prior to filing their complaint. *See, e.g.*, *Dollens v. Zionts*, 2001 WL 1543524, at *5-6 (N.D. Ill. Dec. 4, 2001) (refusing to appoint counsel for subsequently filed actions because they "simply adopted" the first-filed complaint or had "merely reworked" the first-filed complaints.). As a result of this deficiency, the Alabama Group has resorted to duplicative filings, which appear to serve no purpose other than to give the appearance of a majority and, thus, increase leverage when choosing lead counsel.[6]

---

[6] The Alabama Group notes that "efforts of plaintiffs' counsel to coordinate activities between themselves should be encouraged. … Despite the Alabama Group's best efforts, and much to their surprise, this process has not been

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

4

Specifically, the complaints filed by the Alabama Group are all virtually identical. In fact, the *Adler* complaint filed in the District of New Jersey was obviously copied directly from the *Pettway* complaint filed in Alabama because it erroneously asks the court to certify a class composed of "[a]ll individual or entities who reside in the **State of Alabama** who purchased the Product during the relevant time frame." Exh. D to the Fisher Reply Decl. at 6 (emphasis added).

### C. The Alabama Group's Motion Should Be Denied for Failing to Comply with the Local Rules and This Court's Requirements

There are also a number of other troubling issues with the Alabama Group's motion that should give this Court great concern. First, they failed to file their papers in the MDL action *In Re 5-Hour Energy Marketing and Sales Practices Litigation,* C.D. Cal. Case No. 23-ML-02438 PSG (PLAx). Instead, they only filed them on the *Pettway* docket. As a result, the Alabama Group's papers were not served on the California Plaintiffs or on counsel in any of the other Five Hour Energy actions. The Alabama Group filed an "amended motion" to purportedly "correct the certificate of service." Alabama Motion at i. The certificate of service on the amended motion remains incorrect. It states that counsel in the other actions were served by the ECF system. *Id.* at x (Mr. Cooper's attestation stating "I hereby

---

successful." Alabama Motion at ii, n.2. The California Plaintiffs, however, reached out to Mr. Cooper's firm on various occasions, including as early as February of 2013 to do just that. *See* Exh. C to the Fisher Reply Decl. (emails from Anthony Vozzolo to James Ward.). Rather than respond to the offer to coordinate the various matters, the Alabama Group proceeded to file additional cases, including *Adler v. Innovation Ventures, LLC*, 2:13-CV-04361 PSG-PLA (D. N.J. March 1, 2013), *Thompson v. Innovation Ventures, LLC*, 2:13-CV-04447 PSG-PLA (W.D. Pa. March 7, 2013), *Ellis v. Innovation Ventures, LLC*, 2:13-CV-04446 PSG-PLA (D.N.M. April 24, 2013), *McCray v. Innovation Ventures, LLC*, 2:13-CV-06014 PSG-PLA (N.D. Ga. July 23, 2013). It was not until three months after Mr. Vozzolo's first email, and only after additional attempts to contact Mr. Cooper's firm, that Mr. Cooper responded to the California Plaintiffs' inquiries on May 29, 2013.

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

5

certify that I have, on this 13th day of September, 2013, filed the foregoing using the electronic filing system (ECF), which will automatically serve the following counsel of record…"). If Mr. Cooper and his colleagues had simply looked at the Notice of Electronic Filing that was generated by the filing of their motion, they would have observed that only the Alabama Group and defendants' counsel were served with his motion. The California Plaintiffs did not receive the Alabama Group's papers until September 30, 2013, 17 days after they were filed, and were unable to file any timely opposition to the Alabama Group's motion. In fact, counsel for the California Plaintiffs were entirely unaware that the Alabama Group had filed a competing lead counsel motion until they reviewed Defendants' opposition brief filed on September 27, 2013 that referred to the Alabama Group's motion.

The Alabama Group's motion also fails to comply with many of this Court's local rules:

- No notice of motion. Local Rule ("L.R.") 6-1 ("every motion shall be presented by written notice of motion.");
- No statement regarding the conference of counsel prior to filing of motions. L.R. 7-3 ("counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'");
- The brief is not in 14-point font. L.R. 11-3.1.1 ("Either a proportionally spaced or monospaced face may be used. A proportionally spaced face must be **14-point or larger**…") (emphasis added);
- No date and time for hearing included on the papers. L.R. 7-4 ("On the first page of the notice of motion and every other document filed in

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

6

connection with any motion, there shall be included, under the title of the document, **the date and time of the motion hearing** and the name of the judicial officer before whom the motion has been noticed.") (emphasis added);

- No proposed order submitted. The Court's Standing Order in Civil Cases at 8 ("Each party filing or opposing a motion or seeking the determination of any matter **shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations**.") (emphasis added);

- Failure to include California bar numbers and emails addresses for attorneys. L.R. 11-3.8 ("The name, California bar number, office address (or residence address if no office is maintained), the telephone number and facsimile number, and the e-mail address of the attorney … presenting the document shall be placed commencing with line 1 at the left margin.").

The Alabama Group may characterize these errors as technical in nature, but they reflect on their knowledge of the local rules and procedures as well as their ability to effectively litigate in this Court, to represent the class and to serve as class counsel. *See* FRCP 23(g)(1). Even more striking is the fact that the Alabama Group retained two local firms to assist them and yet still failed to comply with this Court's most basic rules and did not serve the papers on any of the other plaintiffs.

## II. DEFENDANTS' OPPOSITION TO THE CALIFORNIA PLAINTIFFS' PROPOSED LEADERSHIP STRUCTURE IS NOT WELL TAKEN

Defendants oppose the leadership structures proposed by both the California Plaintiffs and the Alabama Group. Just as Plaintiffs do not get to decide who represents Defendants, Defendants should not have a say in who represents the

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

7

1  class. Defendants' interests are completely antagonistic to those of the class.
2  Defendants seek to defeat this action and prevent the class from obtaining any
3  recovery. They would benefit from the class having the weakest possible
4  representation. As such, the Court should view Defendants' arguments regarding
5  the representation of the class with great skepticism. *See, e.g., In re Organogensis*
6  *Securities Litigation*, 241 F.R.D. 397, 410-411 (D. Mass. 2007) ("The court is
7  aware that Defendants are playing the role of the proverbial fox guarding the
8  henhouse.").

9      Defendants contend that only one or two firms should be appointed to
10 represent the class. The California Plaintiffs disagree and continue to believe that
11 their proposed structure is the most beneficial to the class. First, their proposed
12 structure has the support of all counsel in this litigation except for the Alabama
13 Group. That is particularly noteworthy in a case like this that involves so many
14 different cases and lawyers from across the country.

15     Second, it would not make sense to exclude any of the proposed lead counsel
16 proposed by the California Plaintiffs. Bursor & Fisher and the Faruqi Firm have
17 been litigating these claims for more than two years and have a wealth of
18 experience litigating and trying consumer class action cases like this one. *See*
19 California Plaintiffs' Motion at 5-13 and 17-21. In addition, the Geragos Firm is a
20 litigation powerhouse based in Los Angeles that has been involved in some of the
21 most challenging cases in the country in the last 50 years. *Id.* at 22-24. These three
22 firms have agreed to work cooperatively to prosecute this case in as efficient a
23 manner as possible.[7] It should come as no surprise that Defendants would argue
24 that only one firm should represent the class. Would a matador prefer to face one
25 bull or three?

---

26 [7] Moreover, this structure has the support of nine (9) additional firms, who have
27 significant experience in their own right.

28

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT    8
INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

The California Plaintiffs also proposed a three-firm executive committee. The executive committee would be responsible for implementing the policies set forth by the co-lead counsel and ensuring that the class had representation beyond just the three firms appointed as co-lead counsel. Courts routinely appoint executive committees in large cases like this one that involve dozens of lawyers from all across the country. *See, e.g., Carlin v. DairyAmerica, Inc.*, 2009 WL 1518058 at *3 (E.D. Cal. May 29, 2009) (appointing interim class counsel, an executive committee and liaison counsel); *Zuckerman v. Foxmeyer Health Corp.*, 1997 WL 314422 at *3 (N.D. Tex. Mar. 28, 1997) (appointing co-lead counsel, an executive committee and local counsel); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 2008 WL 1883447 at *3 (D.C. Apr. 28, 2008) (appointing five firms to serve "as an Executive Committee of Counsel, under the direction of Interim Co-Lead Class Counsel … [and] to assist Interim Co-Lead Counsel in the fulfillment of their responsibilities"); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 441-42 (S.D.N.Y. 2004) (noting that the court had appointed lead counsel and an executive committee); *In re Vitamins Antitrust Litig.*, 398 F. Supp. 2d 209, 222 (D.C. 2005) (discussing the roles of the plaintiffs' Steering and Executive Committees and the Co-Lead Counsel).

Contrary to Defendants' arguments, the proposed executive committee is composed of lawyers from California, Ohio and Florida[8] who have a wealth of resources and substantial multistate class action experience. Defendants argue that the leadership structure proposed by the California Plaintiffs would "engender inefficiencies and cause the Court and Defendants to incur unnecessary time and expenses." The California Plaintiffs have attempted to ensure that that does not happen by requiring all of the lawyers to submit "monthly time and expense

---

[8] The California Plaintiffs also offered to include Mr. Cooper from the Alabama Group on the executive committee but he refused the position.

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

9

summaries." California Plaintiffs' Motion at 16. These monthly summaries will eliminate any possibility of duplicative or inefficient litigation by the plaintiffs.

### III. CONCLUSION

Prior to filing their lead counsel motion, counsel for the California Plaintiffs worked very hard to reach a consensus among the dozens of lawyers representing plaintiffs in these cases. Every lawyer in the case, with the exception of those in the Alabama Group, agreed to the structure proposed by the California Plaintiffs. That structure ensures that the class will be represented by capable and experienced counsel with knowledge of this Court's rules and procedures. The California Plaintiffs therefore respectfully request that the Court approve their proposed leadership structure so that the litigation of the merits of this case can resume immediately.

Dated: October 11, 2013  **BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
Annick M. Persinger (State Bar No. 272996)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
swestcot@bursor.com
apersinger@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, New York 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

10

| | | |
|---|---|---|
| 1 | Dated:  October 11, 2013 | **FARUQI & FARUQI, LLP** |
| 2 | | By:  */s/ David E. Bower* |
| 3 | | |
| 4 | | David E. Bower (State Bar No. 119546)<br>10866 Wilshire Boulevard, Suite 1470<br>Los Angeles, CA  90024 |
| 5 | | Telephone:  (424) 256-2884<br>Facsimile:   (424) 256-4885 |
| 6 | | E-Mail:  dbower@faruqilaw.com |
| 7 | | **FARUQI & FARUQI, LLP** |
| 8 | | Antonio Vozzolo (*pro hac vice*)<br>Andrea Clisura (*pro hac vice*) |
| 9 | | 369 Lexington Avenue, 10th Floor<br>New York, NY 10017 |
| 10 | | Telephone:  (212) 983-9330<br>Facsimile:   (212) 983-9331 |
| 11 | | E-Mail:  avozzolo@faruqilaw.com |
| 12 | | aclisura@faruqilaw.com |
| 13 | | *Attorneys for Plaintiffs Ilya Podobedov,*<br>*Jordan Moussouros, and Richard N. James* |
| 14 | | |
| 15 | Dated:  October 11, 2013 | **GERAGOS AND GERAGOS APC** |
| 16 | | By:  */s/ Mark John Geragos* |
| 17 | | Mark John Geragos |
| 18 | | Benjamin Jared Meiselas<br>Shelley Kaufman |
| 19 | | 644 South Figueroa Street<br>Los Angeles,CA  90017 |
| 20 | | Telephone:  (213) 625-1600 |
| 21 | | E-Mail:  mark@geragos.com<br>meiselas@geragos.com |
| 22 | | kaufman@geragos.com |
| 23 | | *Attorneys for Plaintiff Cody Soto* |
| 24 | | **LEVIN FISHBEIN SEDRAN & BERMAN**<br>Charles E. Schaffer |
| 25 | | 510 Walnut St. Ste. 500<br>Philadelphia, PA  19106 |
| 26 | | Telephone:  (215) 592-1500 |
| 27 | | Facsimile:   (215) 592-4663 |
| 28 | | |

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

11

**CLIMACO LEFKOWITZ PECA WILCOX & GAROFOLI CO., LPA**
John R. Climaco
John A. Peca
55 Public Square, Ste. 1950
Cleveland, OH  44115-1802
Telephone:  (216) 621-8484
Facsimile:    (216) 771-1632

**PARKER WAICHMAN LLP**
Jordan Lucas Chaikin
3301 Bonita Beach Rd., Ste. 101
Bonita Springs, FL  34134
Telephone:  (239) 390-1000
Facsimile:    (239) 390-0055
E-Mail:  jschaikin@yourlawyer.com

*Attorneys for Plaintiff Junior Hermida*

**THE EGGNATZ LAW FIRM, P.A.**
Joshua Harris Eggnatz
1920 N. Commerce Parkway, Suite 1
Weston, FL  33326
Telephone:  (954) 634-4355
Facsimile:    (954) 634-4342
E-Mail:  JoshEggnatz@gmail.com
             JEggnatz@EggnatzLaw.com

*Attorneys for Plaintiff Michael Feiner*

**HOLLAND AND GROVES LLC**
Randall S. Crompton
Steven J. Stolze
Eric D. Holland
300 N. Tucker Blvd., Ste. 801
St. Louis, MO  63101
Telephone:  (314) 241-8111
Facsimile:    (314) 241-5554
E-Mail:  scrompton@allfela.com
             Stevenstolze@sbcglobal.net
             eholland@allfela.com

*Attorneys for Plaintiff William Forrest*

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

12

**NEBLETT BEARD & ARSENAULT**
Richard J. Arsenault
Douglas E. Rushton
P.O. Box 1190
2220 Bonaventure Ct.
Alexandria, LA  71309-1190
Telephone:  (318) 487-9874
E-Mail:  rarsenault@nbalawfirm.com
         drushton@nbalawfirm.com

*Attorneys for Plaintiff William Waring*

**CLIMACO LEFKOWITZ PECA WILCOX & GAROFOLI CO., LPA**
John A. Peca
John R. Climaco
55 Public Square, Ste. 1950
Cleveland, OH  44115-1802
Telephone:  (216) 621-8484
Facsimile:   (216) 771-1632

D. Scott Kalish
405 Western Reserve Bld.
1468 West Ninth Street
Cleveland, OH  44113
Telephone:  (216) 502-0570
Facsimile:   (216) 502-0569
E-Mail:  scottkalishcollc@cs.com

*Attorneys for Plaintiff David Berger*

**COHEN & MALAD LLP**
Irwin B. Levin
Lynn A. Toops
Richard E. Shevitz
One Indiana Square, Suite 1400
Indianapolis, IN  46204
Telephone:  (317) 636-6481
Facsimile:  (317) 636-2593
E-Mail:  rshevitz@cohenandmalad.com

*Attorneys for Plaintiff Dennis Duckworth*

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT
INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

13

**THE TERRELL LAW GROUP**
Reginald Von Terrell
P.O. Box 13315, PMB #148
Oakland, CA  94661
Telephone: (510) 237-9700
Facsimile:  (510) 237-4616
E-Mail:  reggiet2@aol.com

*Attorneys for Plaintiff Ayanna Nobles*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (State Bar No. 206423)
Linda M. Fong (State Bar No. 124232)
350 Sansome Street, Ste. 400
San Francisco, CA  94104
Telephone:  (415) 772-4700
Facsimile:    (415) 772-4707
E-Mail:  lking@kaplanfox.com
            lfong@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Justin B. Farar (State Bar No.211556)
11111 Santa Monica Blvd., Ste. 620
Los Angeles, CA  90025
Telephone:  (310) 575-8670
Facsimile:    (310) 575-8697
E-Mail:  jfarar@kaplanfox.com

*Attorneys for Plaintiff Matt Nunez*

REPLY IN SUPPORT OF *PODOBEDOV* AND *SOTO* PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)
CASE NO. 2:13: ml-02438-PSG -PLA

14