**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:   (925) 407-2700
E-Mail: ltfisher@bursor.com
           apersinger@bursor.com
           ykrivoshey@bursor.com

*Co-Lead Interim Class Counsel*

*(additional counsel appears on signature page)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: 5-HOUR ENERGY MARKETING AND SALES PRACTICES LITIGATION<br><br>This Document Relates to All Cases | Case No. 2:13-ml-02438 PSG (PLAx)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: March 24, 2015<br>Time: 1:30 p.m.<br>Ctrm: 880<br><br>Judge: Hon. Phillip S. Gutierrez |

The parties, by and through their respective counsel, respectfully submit their Joint Federal Rules of Civil Procedure Rule 26(f) and Local Rule 26-1 Report.

## A. Nature Of The Action

Plaintiffs' Statement. Ilya Podobedov, Jordan Moussouros, Richard N. James, Cody Soto, Matt Nunez, Donna A. Thompson, Michael R. Casey, David Ellis, Marc A. Adler, William Forrest, Ayanna Nobles, Thomas Guarino, Junior Hermida, and Michael Feiner ("Plaintiffs") filed a Consolidated Amended Class Action Complaint on January 17, 2014, and a Consolidated First Amended Class Action Complaint on October 6, 2014, against Innovation Ventures, LLC ("Innovation Ventures"), Manoj Bhargava ("Bhargava"), and Bio Clinical Development, Inc. ("BCD") (collectively, "Defendants"). Plaintiffs allege that Defendants use deceptive marketing practices to market 5-hour ENERGY. Complaint ¶¶ 1-6. Specifically, Plaintiffs allege that 5-hour ENERGY is not capable of providing five hours of energy, and in fact provides no caloric energy whatsoever. *Id*. In fact, the only ingredient in 5-hour ENERGY that has any effect is a concentrated dose of caffeine. *Id.*

Plaintiffs assert claims on their own behalf and on behalf of a nationwide class for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, breach of express and implied warranties and fraud. Plaintiffs also assert claims on behalf of subclasses under California law for violations of the California *Consumers Legal Remedies Act* ("CLRA"), Civil Code §§ 1750, *et seq.*, *Unfair Competition Law* ("UCL"), *Business & Professions Code* §§ 17200 *et seq.*, and *False Advertising Law* ("FAL"), *Business & Professions Code* §§ 17500 *et seq.*, under New York law for violations of that State's *Deceptive Trade Practices Act*, *General Business Law* § 349, *et seq.*, under Pennsylvania law for violation of that State's *Unfair Trade Practices and Consumer Protection Law* ("UTPCPL"), 73 PA. CONS. STAT. §§ 201-2, *et seq.*, under New Mexico law for violation of that

State's *Unfair Practices Act* ("NMUPA"), N.M. STAT. ANN. §§ 57-12-2, *et seq.*, under New Jersey law for violation of that State's *Fraud in Sales or Advertising of Merchandise Law*, N.J. CODE ANN. §§ 56:8-1, *et seq.*, and the New Jersey *Truth-in-Consumer Contract, Warranty and Notice Act*, N.J. Stat. Ann. §§ 56:12-14 to 56:12-18; under Missouri law for violation of that State's *Merchandising Practices Act* ("MMPA"), MO. ANN. STAT. §§ 407.020, *et seq.*, under Florida law for violation of that State's *Deceptive and Unfair Trade Practices Act* ("FDUTPA"), FLA. STAT. §§ 501.201, *et seq.*, and under Illinois law for violation of that State's *Unfair Practices Act*, 805 ILL. COMP. STAT. 505/1, *et seq*. *Id*. ¶ 8.

Defendants' Statement. After a series of successful motions to dismiss that resulted in dismissal with prejudice of several of the named Plaintiffs and their individual and sub-class claims, in particular their claims based on off-label representations, Defendants filed an answer and affirmative defenses to the Consolidated First Amended Class Action Complaint on February 27, 2015. Among other things, Defendants generally and specifically deny the material allegations of wrongdoing; that Plaintiffs' causes of action have merit; that certain of the Defendants are subject to personal jurisdiction in this matter; and that the claims asserted are amenable to class action treatment, including as sub-classes.

B.   **Service of Process.**

Service of the Complaint is complete.

C.   **Possible Joinder Of Additional Parties**

Other than the named parties and the members of the proposed class, Plaintiffs are unaware of any additional parties who have an interest that could be substantially affected by the outcome of this litigation.

D.   **Amendment Of Pleadings**

Plaintiffs filed a Consolidated Amended Class Action Complaint on January 17, 2014, and a Consolidated First Amended Class Action Complaint on

October 6, 2014. Defendants' Answer and affirmative defenses to the First Amended Complaint was filed on February 27, 2015. The parties do not anticipate any additional amendment of the pleadings.

### E. Jurisdiction And Venue

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 putative class members and Plaintiffs assert that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant Innovation Ventures, LLC does business throughout this district, and Plaintiffs assert that a substantial part of the events giving rise to their claims took place within this judicial district. On June 5, 2013, the Panel on Multidistrict Litigation ordered that nine related actions were transferred to this Court, pursuant to 28 U.S.C. § 1407. There are now 11 actions consolidated in this MDL case.

Defendants Manoj Bhargava and Bio Clinical Development, Inc. contend that they are not subject to personal jurisdiction here.

### F. Pending and Anticipated Motions

There are no pending motions in this action.

<u>Plaintiffs' Statement</u>. Plaintiffs anticipate moving for class certification as soon as practicable, after some initial discovery is completed. Plaintiffs propose that Plaintiffs' motion for class certification be filed on or before December 4, 2015, that Defendants' response and related papers be filed on or before January 22, 2016 and Plaintiffs' reply in support of class certification will take place on or

before March 4, 2016. The hearing concerning class certification will take place on March 21, 2016 at 1:30 p.m., or at a date and time convenient for the Court.

At this time, Plaintiffs do not anticipate filing any dispositive motions.

<u>Defendants' Statement</u>. Plaintiffs' proposed timing for determining class certification is seriously impractical. There are 14 remaining named Plaintiffs in this consolidated MDL, spread out across the U.S. Plaintiffs purport to assert nationwide classes and at least 20 state law subclasses. The amount of factual and expert discovery that must occur before the Court can consider a proper class certification record show that Plaintiffs' proposed schedule is unrealistic. Furthermore, as this Court has previously noted, discovery of class and merits issues should not be staged, consistent with developed law providing that a Court should consider merits issues that are implicated in determining class certification issues. Even after extensive motion practice, there are four times more named plaintiffs and considerably more claims asserted here than present when the Court issued its scheduling order in the <u>Podobedov</u> case. (<u>See</u> Case No. 2:11-cv-06408 (Dkt. No. 60).) The allegations in this MDL action cover several more years than in the <u>Podobedov</u> case. Plaintiffs' proposed schedule for this much more complicated MDL action is significantly shorter than the <u>Podobedov</u> schedule.

Defendants anticipate that there will be at least two dozen fact witness depositions taken in numerous locations across the country, followed by significant expert discovery—all before class certification issues could be joined. Defendants propose that opening papers regarding class certification be filed no sooner than July 1, 2016, and that the parties meet and confer to discuss a class certification briefing schedule before then.

Defendants also anticipate summary judgment motion practice. Given the number of Plaintiffs and the variation and volume of allegations asserted by Plaintiffs, Defendants respectfully request that the Court allow them to file more

than one omnibus summary judgment motion later in the case.  This would allow for the continued narrowing of issues.  Just as Defendants' Rule 12 motions to dismiss have narrowed the number of issues, allowing Defendants to bring more than one summary judgment motion would further help narrow the issues.

### G. Anticipated Discovery

#### 1. Timing, Form or Requirement for Disclosures under Rule 26(a)

Plaintiffs Podobedov, Moussouros, and James, the three plaintiffs in the original case brought before this Court before the MDL consolidation, served their initial disclosures on June 22, 2012.  Defendants similarly served their initial disclosures in that case on July 3, 2012.  The parties now propose that they exchange another set of initial disclosures on April 7, 2015, three weeks after the date for the filing of this Joint Case Management Statement on March 17, 2015.

#### 2. Subjects on Which Discovery Will be Sought

<u>Plaintiffs' Statement</u>.  Plaintiffs intend to seek discovery regarding, among other things: (i) the number of units sold during the class period; (ii) the amount of revenue derived by Defendants from the sales of the product; (iii) the content and ingredients of 5-hour ENERGY; (iv) the content of Defendants' advertisements, marketing materials, and other public statements; (iv) exemplars of product packaging throughout the class period; (v) organizing documents for each entity involved in the marketing or sales of the products, including organizational charts, board meeting minutes, operating agreements, employee contracts, etc.; (vi) studies, trials, or any purported basis for Defendants' statements regarding the product; (vii) Defendants' method of developing the product; (viii) individuals consulted regarding the development of the product; (ix) customer complaints regarding the product; (x) Defendants' refund policies and practices; and (xi) the identity of purchasers and retailers of Defendants' products.

<u>Defendants' Statement</u>. Defendants previously produced extensive information and documents in response to Plaintiffs' requests in the <u>Podobedov</u> action. Defendants anticipate Plaintiffs' cooperation in avoiding duplicative discovery.

Defendants intend to seek discovery regarding (i) the additional named plaintiffs in the actions transferred and/or reassigned to this Court, (ii) the allegations in each of the named plaintiffs' complaints (or in the Consolidated First Amended Class Action Complaint), (iii) each plaintiff's purchase of energy drinks and overall dietary habits; (iv) each plaintiff's medical history during the relevant periods; (v) each plaintiff's ability and capacity to serve as class representative; (vi) information concerning members of the purported class; (vii) information concerning each plaintiff's alleged damages and the alleged damages to members of the proposed classes; and (viii) whether each plaintiff's and proposed absent class member's alleged damages were caused by the representations at issue. Defendants also respectfully reserve the right to seek additional discovery not specifically described above, as dictated by later proceedings and discovery in the case.

### 3. Deadline for Completion of Discovery

<u>Plaintiffs' Statement</u>. Plaintiffs propose the following schedule for discovery:

- Rule 26(a) initial disclosures: March 31, 2015
- Deadline for Non-Expert Discovery: May 9, 2016
- Opening Expert Witness Disclosure: June 6, 2016
- Rebuttal Expert Witness Disclosure: July 11, 2016
- Deadline for Expert Discovery: August 15, 2016

<u>Defendants' Statement</u>. Plaintiffs' proposal is manifestly impractical. By way of example, in the <u>Podobedov</u> matter, the Court scheduled approximately 11 months to conduct discovery concerning three named plaintiffs and two state law

subclasses involving considerably fewer allegations.  (See Case No. 2:11-cv-06408, Dkt. 60.)  In this MDL action, there are 14 named Plaintiffs asserting numerous claims under each of their home states' laws, and at least two nationwide classes and additional, unspecified state law subclasses.  As noted above, Defendants reasonably anticipate that there will be at least two dozen fact depositions taken in numerous locations nationwide before the parties can frame motion practice and, in addition, the discovery is likely to lead to additional party and third-party discovery.  For these reasons, Defendants respectfully propose the following schedule:

| Rule 26(a) initial disclosures | April 7, 2015 |
| --- | --- |
| Deadline for Non-Expert Discovery | August 1, 2016 |
| Opening Expert Witness Disclosure | September 6, 2016 |
| Rebuttal Expert Witness Disclosure | October 10, 2016 |
| Deadline for Expert Discovery | November 30, 2016 |

### 4. Phasing of Discovery

The parties do not believe that bifurcation between class certification and merits discovery is necessary at this time.

### 5. Issues About Disclosure or Discovery of Electronically Stored Information

Plaintiffs' Statement.  Plaintiffs propose that the parties meet and confer in an effort to reach an agreement on an ESI protocol within the next 30 days.  If they are unable to reach an agreement on an ESI protocol, they will submit any disputed issues to Magistrate Abrams for resolution.

Defendants' Statement.  Defendants believe that the discovery protocols that were previously established in the Podobedov case apply here.

As noted above, Defendants already previously searched for and produced extensive ESI in the Podobedov action, at significant cost. Defendants anticipate that the parties will require extensive meet and confer efforts concerning discovery of additional ESI (if any), including applicable search criteria. Defendants respectfully reserve their right to seek an order requiring Plaintiffs to share in the cost of further electronic discovery. Defendants also intend to request that the Court formally enter in this MDL case the Amended Protective Order Regarding Confidential Information previously entered in the Podobedov matter (see Case No. 2:11-cv-06408, Dkt. 113).

### 6. Privilege Issues

Plaintiffs' Statement. Plaintiffs do not anticipate any significant privilege issues arising with regard to the documents and information in Plaintiffs' possession. Any party withholding any documents or information based on the assertion of a privilege shall serve a privilege log that complies with the requirements of the Federal Rules of Civil Procedure within 14 days after completing the production of documents responsive to the document request to which the privilege was asserted. *See* Fed. R. Civ. P. 26(b)(5); *see also Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005) ("The party who withholds discovery materials must provide sufficient information (*i.e.* a privilege log) to enable the other party to evaluate the applicability of the privilege or protection.").

Defendants' Statement. The Court already considered Plaintiffs' privilege proposal in the Podobedov case and did not adopt it. As then, Defendants contend that there is no reason to impose additional burdens concerning privileged documents, or the preparation of privilege logs, beyond the requirements of the Federal Rules of Civil Procedure and the Amended Protective Order Regarding

Confidential Information (specifically, at section 12) previously entered in the <u>Podobedov</u> action (see Case No. 2:11-cv-06408, Dkt. 113).

### 7. Changes to the Limitations of Discovery Imposed by the Federal Rules of Civil Procedure

<u>Plaintiffs' Statement</u>. Plaintiffs propose no changes to the limitations on discovery in the Federal Rules of Civil Procedure and the Local Rules except that the Court should allow Defendants to take depositions of all remaining named plaintiffs. Plaintiffs oppose Defendants' request to take the depositions of any named plaintiffs who are no longer parties in this action. The parties may seek an order from the Court altering the discovery limits imposed by the Federal Rules of Civil Procedure and Local Rules.

<u>Defendants' Statement.</u> Defendants propose that there should be no changes to the Federal and Local Rules regarding discovery, except that the numerical limit on depositions imposed by Fed. R. Civ. P. 30(a)(2)(A)(i) shall not apply. The parties may seek an order from the Court altering the discovery limits imposed by the Federal Rules of Civil Procedure and Local Rules.

### H. The Scheduling of Trial and Trial Estimate

<u>Plaintiffs' Statement</u>. Plaintiffs propose a trial date in October of 2016 and estimate that trial will last at least three weeks.

<u>Defendants' Statement.</u> Defendants respectfully request that, as it did in Podobedov, the Court not set trial in this matter until class issues are resolved. Until then, the scope of any trial (and its effect on pretrial matters) is unsure. And until then, Defendants believe that the parties should meet and confer and request status conferences to update the Court on the case progress or when they believe the Court's direction would be helpful.

### I. Modification of Standard Pretrial Procedures

The parties do not anticipate any need for modification of the Court's standard pretrial procedures.

### J. Manual for Complex Litigation

<u>Plaintiffs' Statement</u>. Even though this is a nationwide class action, given the straightforward factual allegations and few Defendants, Plaintiffs do not believe that this is a particularly complex case. However, as a class action, the class certification guidelines set forth in the *Manual for Complex Litigation* may be instructive to this Court in the management of this case.

<u>Defendants' Statement</u>. At this time, Defendants do not believe that the *Manual for Complex Litigation* should be applied in full to this litigation, but agree that parts of it may be informative. If a party believes that to be the case, they can raise it in their filings.

### K. Related Cases

The parties are unaware of any related cases that have not been consolidated in front of this Court by the June 5, 2013 order entered by the Panel on Multidistrict Litigation, or by related case orders previously entered by this Court.

### L. Settlement Conference

<u>Plaintiffs' Statement</u>. Plaintiffs are amendable to scheduling a mediation within the next 30-45 days before the parties begin a significant expenditure of time and resources in connection with discovery and the motion for class certification. On November 7, 2013, the Court recommended Barbara Reeves Neal as a possible mediator in this case. Plaintiffs will agree to Ms. Neal as a mediator. If Defendants are unwilling to mediate with Ms. Neal, Plaintiffs are willing to meet and confer with Defendants regarding another mediator or about the possibility of scheduling a settlement conference with a magistrate judge.

1  <u>Defendants' Statement</u>.  Defendants defer to the Court's policies on
2  mediation and in particular as they pertain to this case.  Defendants respectfully
3  submit that a mediation would not be productive if conducted before the named
4  Plaintiffs have been deposed.

Dated:  March 17, 2015        **BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:   (925) 407-2700
E-Mail:  ltfisher@bursor.com
            apersinger@bursor.com
            ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, New York 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail:   scott@bursor.com

Dated:  March 17, 2015        **FARUQI & FARUQI, LLP**

By:   */s/ David E. Bower*

David E. Bower (State Bar No. 119546)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA  90024
Telephone:  (424) 256-2884
Facsimile:    (424) 256-4885
E-Mail:   dbower@faruqilaw.com

**FARUQI & FARUQI, LLP**
Antonio Vozzolo (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Facsimile:    (212) 983-9331
E-Mail:  avozzolo@faruqilaw.com
             aclisura@faruqilaw.com

Dated:  March 17, 2015         **GERAGOS AND GERAGOS APC**

By:  */s/ Mark John Geragos*

Mark John Geragos (State Bar No. 108325)
Benjamin Jared Meiselas (State Bar No. 277412)
644 South Figueroa Street
Los Angeles, CA  90017
Telephone:  (213) 625-1600
E-Mail:  mark@geragos.com
             meiselas@geragos.com

*Co-Lead Interim Class Counsel*

Dated:  March 17, 2015         **CRONE HAWXHURST LLP**

By:  */s/ Gerald E. Hawxhurst*

Gerald E. Hawxhurst (State Bar No. 220327)
Daryl M. Crone (State Bar No. 209610)
10880 Wilshire Blvd., Suite 1150
Los Angeles, CA 90024
Telephone: (310) 893-5150
Facsimile: (310) 893-5195
E-Mail: jerry@cronehawxhurst.com
daryl@cronehawxhurst.com

*Attorneys for Defendants*