**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No.  **13-ml-2438-PSG (PLAx)**                              Date  **December 5, 2016**

Title: **In re: 5-Hour Energy Marketing and Sales Practices Litigation**

--------------------------------------------------------------------------------------------------------------------

PRESENT:  THE HONORABLE  **PAUL L. ABRAMS**

☐ **U.S. DISTRICT JUDGE**
☒ **MAGISTRATE JUDGE**

| **Christianna Howard** | **N/A** | **N/A** |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
NONE

**ATTORNEYS PRESENT FOR DEFENDANTS:**
NONE

**PROCEEDINGS:**          **( IN CHAMBERS)**

On November 22, 2016, plaintiffs filed a motion to compel defendants to produce in unredacted form all documents previously produced with redactions, as well as any withheld documents concerning Dr. Wesnes; to reopen the deposition of Dr. Wesnes and order that defendants pay all of the expenses associated with the reopened deposition; and to reopen fact discovery to seek documents and take various depositions (the "Motion").  The Motion was noticed for a hearing on December 20, 2016.

As set forth in the District Judge's June 27, 2016, Order Granting Final Sixty Day Continuance of Pretrial Deadlines, the non-expert discovery deadline in this action is September 13, 2016, and the expert discovery deadline is November 11, 2016.  See ECF no. 108.  Both of those deadlines had passed by the time plaintiffs filed their Motion.

On June 5, 2013, Case No. CV 11-6408-PSG (PLAx), along with eight other actions pending in eight district courts, were centralized in this district for consolidated proceedings (see ECF no. 1).  The Order for Jury Trial issued by the District Judge on June 18, 2012, in Case No. CV 11-6408-PSG (PLAx) (which appears to be the first of the consolidated cases filed against, among others, defendant Innovation Ventures, LLC arising from its advertising and marketing of its 5-Hour Energy product) defined the District Judge's discovery terminology as follows: all discovery "shall be complete by the discovery cut-off date. . . **This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed**."  The District Judge instructed that "**[a]ny motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted**."  See Case No. CV 11-6408-PSG (PLAx), ECF no. 61 (emphasis in original).  The District Judge further instructed that depositions "shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motion concerning the deposition **prior to the cut-off date**." Id. (emphasis added).  As best as this Court can discern, no other order was issued by the District Judge that

defined these discovery terms in any other manner, or that instructed that these definitions would not control in the multidistrict action.  Indeed, at the time the deadline to complete expert discovery was set at November 11, 2016, the deadline to file a motion for class certification was established as November 18, 2016, just one week later.[1]  That schedule would have been meaningful only if the District Judge's definitions in his Order for Jury Trial controlled this action, i.e., that "complete by the discovery cut-off date" means that discovery was to be *completed*, including any challenges thereto, by the established deadlines.

Thus, even if good cause exists for an order compelling production of the subject unredacted documents or the taking of additional depositions, plaintiffs' Motion has not been filed sufficiently in advance of the cut-off dates to permit the production or depositions, if ordered, before the deadline as defined by the District Judge.  Indeed, with a hearing date for the Motion of December 20, 2016, any ordered additional discovery would not be obtained until *months* after the cut-off date.  Neither is this Court in a position to *reopen* discovery deadlines established by the District Judge.  As this Court will not change, alter or modify a deadline entered by the District Judge, plaintiffs' Motion (ECF no. 141) is **denied**.

cc:     Counsel of Record

Initials of Deputy Clerk____ch____

---

[1]     The Court notes that the deadline for plaintiffs to file a class certification motion has been continued to December 22, 2016.  ECF no. 138.  With the exception of specified expert depositions (see ECF No. 125), the discovery cut-off dates remain unchanged.