Gerald E. Hawxhurst (Bar No. 220329)
  jerry@cronehawxhurst.com
Daryl M. Crone (Bar No. 209610)
  daryl@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Suite 1150
Los Angeles, California 90024
Telephone:  (310) 893-5150
Facsimile:   (310) 893-5195

Attorneys for Defendants
Innovation Ventures, LLC, Living Essentials, LLC,
Manoj Bhargava, and Bio Clinical Development, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE: 5-HOUR ENERGY MARKETING AND SALES PRACTICES LITIGATION<br>MDL No. 2438<br><br>This Document Relates to All Cases | Case No.: 2:13-ml-02438 PSG (PLAx)<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    January 23, 2017<br>Time:   1:30 p.m.<br>Courtroom: 6A |

Defendants Innovation Ventures, LLC, Living Essentials, LLC, Manoj Bhargava, and Bio Clinical Development, Inc. (collectively, "Defendants") hereby object to the evidence submitted by plaintiffs in support of their opposition to Defendants' motion for partial summary judgment, as follows:

| **Proposed Evidence** | **Objections & Authorities** |
|---|---|
| 53. Mr. Adler's testimony is not "vague," and he testified that he saw and heard Defendants' off label misrepresentations.<br><br>Adler Dep., 84:1-4 ("A: The ads were everywhere. Being a sports fan, watching, you know – the TV in our house is almost on 24 hours a day, the ads were everywhere."); *see also id.* at 59:14-60:1; 83:12-89:10; 115:13-19 (Ex. 13 to Smith Decl.); Mr. Adler's Amended Response to Defendants' Interrogatory No. 4, at 6:9-13 (Ex. 14 to Smith Decl.). | (a) Relevance. (Fed. R. Evid. 401, 402.)<br>(b) Non-specific, vague references to unspecific advertisements are insufficient to state a claim based on advertisements. (See Jan. 22, 2015 Order (Dkt. No. 66) at 8-12 (dismissing claims based on unspecified ads and clinical studies without leave to amend) (citing, inter alia, Kearns v. Ford Motor Co., 567 F. 3d 1120, 1126 (9th Cir. 2009).) |
| 54. Mr. Casey's testimony is not "vague" and he testified that he saw and heard Defendants' off label misrepresentations.<br><br>Casey Dep., 143:16-24; 145:13-20; 146:5-149:17; 150:5-14; 150:22-153:2 (Ex. 5 to Smith Decl.); Mr. Casey's Amended | (a) Relevance. (Fed. R. Evid. 401, 402.)<br>(b) Non-specific, vague references to unspecific advertisements are insufficient to state a claim based on advertisements. (See Jan. 22, 2015 Order (Dkt. No. 66) at 8-12 |

| | |
|---|---|
| Response to Defendants' Interrogatory No. 4, at 6:1-5 (Ex. 6 to Smith Decl.). | (dismissing claims based on unspecified ads and clinical studies without leave to amend) (citing, inter alia, Kearns v. Ford Motor Co., 567 F. 3d 1120, 1126 (9th Cir. 2009).) |
| 55. Mr. Ellis' testimony is not "vague" and he testified that he saw and heard Defendants' off label misrepresentations.<br><br>Ellis Dep., 155:3-159:4; 160:7-18;161:10-162:1; 197:25-198:8; 199:9-23; 211:10-212:18; 222:6-12 (Ex. 7 to Smith Decl.); Mr. Ellis' Amended Response to Defendants' Interrogatory No. 4, at 6:24-28; 7:3-22; (Ex. 8 to Smith Decl.). | (a) Relevance. (Fed. R. Evid. 401, 402.)<br>(b) Non-specific, vague references to unspecific advertisements are insufficient to state a claim based on advertisements. (See Jan. 22, 2015 Order (Dkt. No. 66) at 8-12 (dismissing claims based on unspecified ads and clinical studies without leave to amend) (citing, inter alia, Kearns v. Ford Motor Co., 567 F. 3d 1120, 1126 (9th Cir. 2009).) |
| 57. Mr. Forrest's testimony is not "vague," and he testified that he saw and heard Defendants' off label misrepresentations.<br><br>Forrest Dep., 187:19-21; 188:10-24;192:25-193:9; 230:18-21 (Ex. 3 to Smith Decl.); Forrest Amended Response to | (a) Relevance. (Fed. R. Evid. 401, 402.)<br>(b) Non-specific, vague references to unspecific advertisements are insufficient to state a claim based on advertisements. (See Jan. 22, 2015 Order (Dkt. No. 66) at 8-12 |

| | |
|---|---|
| Defendants' Interrogatory No. 4, at 6:3-23 (Ex. 4 to Smith Decl.). | (dismissing claims based on unspecified ads and clinical studies without leave to amend) (citing, inter alia, Kearns v. Ford Motor Co., 567 F. 3d 1120, 1126 (9th Cir. 2009).) |
| 59. Mr. Soto's testimony is not "vague," and he testified that he saw and heard Defendants' off label misrepresentations.<br><br>Soto Dep., 167:1-5; 182:13-18; 183:3-21; 184:20-22; (Ex. 1 to Smith Decl.); Soto Amended Response to Defendants' Interrogatory No. 4, at 6:5-6 (Ex. 2 to Smith Decl.). | (a) Relevance. (Fed. R. Evid. 401, 402.)<br>(b) Non-specific, vague references to unspecific advertisements are insufficient to state a claim based on advertisements. (See Jan. 22, 2015 Order (Dkt. No. 66) at 8-12 (dismissing claims based on unspecified ads and clinical studies without leave to amend) (citing, inter alia, Kearns v. Ford Motor Co., 567 F. 3d 1120, 1126 (9th Cir. 2009).) |
| 60. Ms. Thompson's testimony is not "vague," and she testified that she saw and heard Defendants' off-label misrepresentations.<br><br>Thompson Dep., 122:6-15; 124:7-125:23; 127:17-25: 128:16-129:2; 170:9-171:25 (Ex. 11 to Smith Decl.) | (a) Relevance. (Fed. R. Evid. 401, 402.)<br>(b) Non-specific, vague references to unspecific advertisements are insufficient to state a claim based on advertisements. (See Jan. 22, 2015 Order (Dkt. No. 66) at 8-12 |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| | (dismissing claims based on unspecified ads and clinical studies without leave to amend) (citing, inter alia, Kearns v. Ford Motor Co., 567 F. 3d 1120, 1126 (9th Cir. 2009).) |
| 61.   Mr. Podobedov's testimony is not "vague," and he testified that he saw and heard Defendants' off-label misrepresentations.<br><br>Podobedov Dep., 134:14-17; 138:17-23;139:16-140:16; 162:5-12 (Ex. 9 to Smith Decl.); Podobedov Second Amended Response to Defendants' Interrogatory No. 4, at 6:5-9 (Ex.10 to Smith Decl.). | (a) Relevance.  (Fed. R. Evid. 401, 402.)<br>(b) Non-specific, vague references to unspecific advertisements are insufficient to state a claim based on advertisements. (See Jan. 22, 2015 Order (Dkt. No. 66) at 8-12 (dismissing claims based on unspecified ads and clinical studies without leave to amend) (citing, inter alia, Kearns v. Ford Motor Co., 567 F. 3d 1120, 1126 (9th Cir. 2009).) |
| 89.   The vitamins and amino acids in 5HE have no effect, and 5-hour ENERGY® provides only a few minutes of energy, at most.<br><br>Ronaldson Initial Report, pp. 11-14, ¶¶ 22-31 (Ex. 17 to Smith Decl.).  Rebuttal Report of Patrick T. Ronaldson, Ph. D | (a) Lacks foundation.  (Fed. R. Evid. 702.)<br>(b) The correct standard to evaluate Plaintiffs' false advertising claims is the "reasonable consumer standard."  (See Algarin v. Maybelline, LLC, 300 F.R.D. 444, |

- 4 -
DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY
PLAINTIFFS IN OPP. TO MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| ("Ronaldson Rebuttal Report"), pp. 14-15, 21, ¶¶ 28, 43 (Ex. 18 to Smith Decl.). | 452 (S.D. Cal. 2014); Branca v. Nordstrom, Inc., 2015 WL 10436858, at *6 (S.D. Cal. Oct. 9, 2015).) Ronaldson admittedly is not qualified to opine as to how ordinary consumers interpret the word ENERGY as used on the 5HE label (or advertisements), and he did not read any of the plaintiffs' deposition testimony. (See Ronaldson Depo. Tr. (Hawxhurst Decl., Ex. B) at 57:10-13; 59:9-15; 66:10-17; 101:14-102:1; 121:25-123:2; 137:24-138:7; 148:7-19; 157:15-158:6; 161:9-20; 192:21-193:2; 193:16-194:13; 203:15-22; 211:24-212:4; 224:2-11.) Experts cannot invent facts and his opinions must jibe with the legal theory of liability. (See Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1433 (2013)). |
| 90. Apart from the few minutes of energy, any effects from regular 5HE are the result of caffeine, which is a psychostimulant but provides no energy. | (a) Lacks foundation. (Fed. R. Evid. 702.)<br>(b) The correct standard to evaluate Plaintiffs' false advertising claims |

- 5 -
DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY
PLAINTIFFS IN OPP. TO MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Ronaldson Initial Report, pp. 19-20, at ¶¶ 47-54 (Ex. 17 to Smith Decl.). Defendant's Uncontroverted Facts, Nos. 40-42 (admitting that regular versions of 5HE had 200 milligrams of caffeine, and that "extra strength" versions of 5HE had 230 milligrams of caffeine.) | is the "reasonable consumer standard." (See Algarin v. Maybelline, LLC, 300 F.R.D. 444, 452 (S.D. Cal. 2014); Branca v. Nordstrom, Inc., 2015 WL 10436858, at *6 (S.D. Cal. Oct. 9, 2015).) Ronaldson admittedly is not qualified to opine as to how ordinary consumers interpret the word ENERGY on the 5HE label (or other advertisements), and he did not read any of the plaintiffs' deposition testimony. (See Ronaldson Depo. Tr. (Hawxhurst Decl., Ex. B) at 57:10-13; 59:9-15; 66:10-17; 101:14-102:1; 121:25-123:2; 137:24-138:7; 148:7-19; 157:15-158:6; 161:9-20; 192:21-193:2; 193:16-194:13; 203:15-22; 211:24-212:4; 224:2-11.) An expert cannot invent facts and his opinions must jibe with the legal standards for liability. (See Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1433 (2013)). |

| | |
|---|---|
| 91. Defendants also market a decaffeinated version of 5HE, but that also provides only a few minutes of energy, at most, and beyond that time any effects observed are just a placebo effect.<br><br>Ronaldson Initial Report, p. 26, ¶73 (Ex. 17 to Smith Decl.). Ronaldson Rebuttal Report, pp. 26-27, ¶¶ 57, 61 (Ex. 18 to Smith Decl.). | (a) Lacks foundation. (Fed. R. Evid. 702.)<br>(b) The correct standard to evaluate Plaintiffs' false advertising claims is the "reasonable consumer standard." (See Algarin v. Maybelline, LLC, 300 F.R.D. 444, 452 (S.D. Cal. 2014); Branca v. Nordstrom, Inc., 2015 WL 10436858, at *6 (S.D. Cal. Oct. 9, 2015).) Ronaldson admittedly is not qualified to opine as to how ordinary consumers interpret the word ENERGY on the 5HE label (or other advertisements), and he did not read any of the plaintiffs' deposition testimony. (See Ronaldson Depo. Tr. (Hawxhurst Decl., Ex. B) at 57:10-13; 59:9-15; 66:10-17; 101:14-102:1; 121:25-123:2; 137:24-138:7; 148:7-19; 157:15-158:6; 161:9-20; 192:21-193:2; 193:16-194:13; 203:15-22; 211:24-212:4; 224:2-11.) An expert cannot invent facts and his opinions must jibe with the legal standards for liability. (See |

DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY
PLAINTIFFS IN OPP. TO MOTION FOR PARTIAL SUMMARY JUDGMENT

| | Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1433 (2013)). |
|---|---|

| | |
|---|---|
| [129.] Excerpts from the deposition transcript of Defendants' expert, Keith R. Ugone. (Exhibit 19 to Smith Decl.) | (a) Mischaracterizes testimony. As Dr. Ugone explained at deposition, repeat purchases can be the result of deception "where the alleged deception is not readily apparent upon first time use." (<u>See</u> Ugone Depo. Tr. (Hawxhurst Decl., Ex. A) at 147:18-148:4.)<br><br>(b) Immaterial. Exhibit 19 is not referenced in Plaintiffs' opposition. For example, Plaintiffs' opposition cites to "PSOF 137"; however, Plaintiffs' Statement of Genuine Disputes of Material Fact does not contain a number 137. (<u>See</u> Opp'n at 7:7-9.) |

DATED: December 27, 2016

CRONE HAWXHURST LLP

By    */s/ Gerald E. Hawxhurst*
     Gerald E. Hawxhurst
     Daryl M. Crone
     Attorneys for Defendants Innovation Ventures, LLC, Living Essentials, LLC, Manoj Bhargava and Bio Clinical Development, Inc.

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

- 9 -
DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN OPP. TO MOTION FOR PARTIAL SUMMARY JUDGMENT