UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 13-2438 PSG (PLAx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | In re 5-Hour Energy Marketing and Sales Practices Litigation | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING in part and DENYING in part Plaintiffs' motion for review of taxation of costs

Before the Court is Plaintiffs Cody Soto, William Forrest, Michael Casey, David Ellis, Ilya Podobedov, Donna Thompson, and Marc Adler's ("Plaintiffs") motion for review of the clerk's taxation of costs, or in the alternative, motion for a stay of costs pending appeal. *See* Dkt. # 336 ("*Mot.*").  Defendants Innovation Ventures, LLC, Living Essentials, LLC, Manoj Bhargava, and Bio Clinical Development, Inc. ("Defendants") oppose this motion. *See* Dkt. # 337 ("*Opp.*").  The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving papers, the Court **GRANTS** the motion in part and **DENIES** it in part.

I.   Background

In these cases, which were consolidated for pretrial proceedings by the Judicial Panel on Multidistrict Litigation, Plaintiffs alleged that marketing and advertising for 5-Hour ENERGY were misleading because, among other things, they falsely suggested that 5-Hour ENERGY would provide hours of energy with no crash afterwards.  On January 24, 2018, the Court granted summary judgment in favor of Defendants on a number of Plaintiffs' claims. *See* Dkt. # 312.  The parties then stipulated to dismiss Plaintiffs' remaining claims with prejudice, *see* Dkt. # 323, and Plaintiffs appealed the Court's grant of summary judgment to the United States Court of Appeals for the Ninth Circuit. *See* Dkt. # 324.

On April 17, 2018, Defendants filed an application requesting the clerk to tax $33,011.40 in litigation costs against Plaintiffs. *See* Dkt. # 327.  Plaintiffs opposed the application. *See* Dkt. # 329.  On July 28, 2018, the clerk taxed $31,095.36 in costs against Plaintiffs, reducing Defendants' requested amount by $1,916.04. *See* Dkt. # 335 ("*Bill of Costs*").  On August 3,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 13-2438 PSG (PLAx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | In re 5-Hour Energy Marketing and Sales Practices Litigation | | |

2018, Plaintiffs filed this motion for review of the taxation of costs, arguing that the Court should refuse to award Defendants' costs in their entirety or reduce them, or, in the alternative, that it should stay the execution of costs pending Plaintiffs' appeal. *See generally Mot.*

II.   Legal Standard

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Because Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party," there is a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Under Local Rule 54-8, a party may move to review the Clerk's taxation of costs by way of a motion to re-tax costs filed and served within seven days of the Clerk's decision. *See* L.R. 54-8. The review is limited to the record made before the Clerk, and may encompass only those items specifically identified in the motion. *Id.*

III.   Discussion

   A.   Denial (or Reduction) of Costs

Rule 54(d)(1) "creates a presumption of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Mexican-American*, 231 F.3d at 591. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues presented in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). This is not an "exhaustive list" but rather a "starting point for analysis." *Id.* at 1248.

Plaintiffs argue that the Court should deny costs because (1) the economic disparity between the parties is significant, (2) the case involved contentious, difficult, and close issues, (3) the case was of substantial public importance, (4) imposing taxable costs would chill future consumer class actions, and (5) the plaintiffs litigated in good faith. The Court examines each argument in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 13-2438 PSG (PLAx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | In re 5-Hour Energy Marketing and Sales Practices Litigation | | |

*i.     The Parties' Economic Disparity*

Plaintiffs argue that there is a vast economic disparity between the parties because they are individual consumers and Defendants are "multi-national corporations reaping sales in the billions." *See Mot.* 6:2–5. They further assert that the disparity is vast because Defendant Manoj Bhargava "is one of the world's wealthiest individuals," citing his position on the 2013 Forbes Billionaires list. *See id.*

Even if this is true, the economic disparity between the parties is often considered in conjunction with the plaintiffs' ability to pay. *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016); *see also Zayerz v. Kiewit Infra. W. Co.*, No. CV 16-6405 PSG (PJWx), 2018 WL 2670705, at *2 (C.D. Cal. May 22, 2018) ("While courts in this District routinely tax costs in favor of corporate defendants against individual plaintiffs, they have also found costs inappropriate where a plaintiff's resources are severely limited."). Defendants point out that Plaintiffs affirmed in depositions that they were able to pay costs and would abide by a court order to do so. *See Opp.* 5:5–20. Plaintiffs have not disputed this, arguing only that economic disparity can justify a denial of costs regardless of whether they have the ability to pay. *See Mot.* 6:26–7:5.

But, as this Court has previously noted, "courts in this District routinely tax costs in favor of corporate defendants against individual plaintiffs." *Zayerz*, 2018 WL 2670705, at *2. Because Plaintiffs have not presented evidence demonstrating limited financial resources, the Court finds that the economic disparity between the parties weighs only slightly, if at all, in favor of denying costs.

*ii.     Contentious, Difficult, and Close Issues in the Case*

Plaintiffs argue that costs should be denied because the litigation involved many close and difficult issues. *Mot.* 7:7–8:9. Defendants argue that the case was not close in that it "involved the straightforward application of consumer protection laws" and they prevailed "on every material motion." *See Opp.* 6:16–28. Specifically, Defendants note that they defeated class certification and then prevailed on their motion for partial summary judgment which led directly to Plaintiffs dismissing their remaining claims with prejudice. *See id.*

While the litigation in this case was not completely lopsided, Defendants did definitively defeat Plaintiffs' claims. The Court concludes that the case was not so close or difficult that it outweighs the presumption in favor of awarding costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 13-2438 PSG (PLAx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | In re 5-Hour Energy Marketing and Sales Practices Litigation | | |

    *iii.*    *Substantial Public Importance*

Plaintiffs argue that costs should be denied because the case was of substantial public importance. However, Courts most frequently deny costs on this ground when the case involves assertions of civil rights or tests the boundaries of the law in a way that is beneficial to the public. *See Powell v. Adlerhorst Int'l, Inc.*, No. 14-cv-1827-MO, 2017 WL 1371269, at *2 (D. Or. Apr. 12, 2017); *Kaufman v. Geico Indem. Co.*, No. 13-cv-1932-HZ, 2017 WL 5167248, at *2 (D. Or. Sept. 3, 2015); *see also Mexican-American*, 231 F.3d at 593 (finding that an action presented "issues of the gravest public importance" when it affected "tens of thousands of Californians and the state's public school system as a whole").

The Court finds that Plaintiffs' suit, while brought to protect consumers, is not of such substantial public importance that denial of costs would be appropriate. *See Kaufman*, 2015 WL 5167248, at *2 (awarding costs in a consumer protection suit).

    *iv.*    *Effect of Imposing Costs on Future Class Actions*

Plaintiffs argue that imposing costs would chill future class actions. *See Mot.* 9:23–10:21. But the Court is skeptical that taxing the requested costs would chill future cases like this one. The Clerk taxed $31,095.36 in costs to be paid jointly by seven plaintiffs for expenses incurred over six years of litigation. This is not an exorbitant amount. It is orders of magnitude smaller than the approximately $3 billion in damages that Plaintiffs sought to recover on behalf of the class. *See Opp.* 1:11–13. The Court finds that the costs taxed in this case are unlikely to deter future class actions. Therefore this factor weighs against a denial of costs.

    *v.*    *Good Faith*

Plaintiffs argue that costs should be denied because they litigated in good faith. *See Mot.* 10:23–11:9. The Court sees no reason to doubt Plaintiffs' good faith. Therefore this factor weighs in favor of a denial of costs.

    *vi.*    *Conclusion*

After evaluating Plaintiffs' arguments, the Court finds that only Plaintiffs' good faith litigation and perhaps the economic disparity between the parties weigh in favor of a denial of costs. However, "a losing party's good faith is insufficient alone to justify the denial of costs," *Champion Produce v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1023 (9th Cir. 2003), and, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 13-2438 PSG (PLAx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | In re 5-Hour Energy Marketing and Sales Practices Litigation | | |

explained above, the economic disparity between the parties is significantly mitigated by the fact that Plaintiffs have represented that they are able to pay costs. Therefore, the Court concludes that Plaintiffs have not rebutted the presumption in favor of awarding costs. Plaintiff's motion to deny the taxation of costs is **DENIED**.

    B.    <u>Reduction of Costs</u>

Plaintiffs request, in the alternative, that the Court reduce the costs by $1,919.50. "A district court may reduce costs which are unreasonably large or which are not supported by adequate documentation." *Ujhelyi v. Vilsack*, No. C 12-04282 JSW, 2015 WL 296050, at *2 (N.D. Cal. Jan. 21, 2015); *see also* L.R. 54-2.1 (requiring the party seeking costs to provide information and documentation specific enough "so that the nature of the claim can readily be understood").

Plaintiffs argue specifically that the Court should not tax $638.10 in costs for Christine Ellis' deposition transcript and $379.00 in costs for Melissa Forrest's deposition transcript. *See Mot.* 11:21–12:12. They also argue that the Court should not tax $902.40 in "rough draft fees" for transcripts of the depositions of Plaintiff William Forrest, former plaintiff Thomas Guarino, and expert witness David O. Kennedy.

        *i.*    *Christine Ellis's and Melissa Forrest's Deposition Transcripts*

Local Rule 54-3.5(a) permits the Court to tax costs for "[t]he cost of the original and one copy of the transcription of the oral portion of all depositions used for any purpose in connection with the case." Plaintiffs argue that Defendants cannot recover costs for transcripts of the depositions of Christine Ellis and Melissa Forrest because they were never "used" in the litigation in that they were never attached to any motion. *See Mot.* 11:21–12:12.

However, the Local Rule allows for the award of costs for depositions "used *for any purpose in connection with the case*." L.R. 54-3.5(a) (emphasis added). It contains no requirement that the depositions be used in conjunction with the filing of a motion. Ellis and Forrest were identified as witnesses by Plaintiffs, and Defendants assert that "their deposition transcripts were necessary for expert witness preparation, impeachment evidence, and to prepare for potential trial." *Opp.* 8:28–9:12. The Court concludes that these uses fall under the broad umbrella of use "for any purpose in connection with the case." *See* L.R. 54-3.5(a). Accordingly, Plaintiffs' motion to reduce the cost award by the costs of Ellis and Forrest's depositions is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 13-2438 PSG (PLAx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | In re 5-Hour Energy Marketing and Sales Practices Litigation | | |

ii."Rough Draft Fees"

Local Rule 54-3.5(a) permits the Court to tax costs for "[t]he cost of the original and one copy of the transcription of the oral portion of all depositions . . . including non-expedited transcripts." Plaintiffs argue that Defendants cannot recover the $902.40 that was billed for the costs for "rough transcripts" of depositions of William Forrest, Thomas Guarino, and David O. Kennedy because Defendants also billed for the costs of a certified copy of those depositions, and the Local Rule only permits taxing costs for one copy. *See Mot.* 13:1–12.

Defendants have supplied no response to this argument. Arguments to which no response is supplied are deemed conceded. *See, e.g.*, *Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011). Therefore the Court **GRANTS** Plaintiffs' motion to reduce the award of costs by $902.40. Accordingly, the total costs to be taxed against the Plaintiffs will be **$30,192.96**.

C.Stay Pending Appeal

Plaintiffs ask the Court to stay the taxation of costs pending their appeal so that they do not have to post a supersedeas bond to avoid having to pay the costs immediately. *See Mot.* 13:14–14:27.

Federal Rule of Civil Procedure 62(d) provides that an "appellant may obtain a stay by supersedeas bond." "The posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam). Courts do not issue unsecured stays lightly. As in all motions for a stay pending appeal, courts evaluating a motion to stay the taxation of costs look to (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured in the absence of a stay; (3) whether issuance of the stay will substantially injure the non-moving party; and (4) whether the stay is in the public interest. *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (RZx), 2015 WL 4397175, at *3 (C.D. Cal. June 8, 2015). "[F]or an appellant to receive a waiver of a bond and an unsecured stay, the case must be extraordinary." *Camfield v. Bd. of Tr. of Redondo Beach Unified School Dist.*, No. CV 16-2367 ODW (FFMx) (C.D. Cal. Feb. 14, 2018) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ML 13-2438 PSG (PLAx) | Date | September 11, 2018 |
|---|---|---|---|
| Title | In re 5-Hour Energy Marketing and Sales Practices Litigation | | |

The Court is not convinced that this is an "extraordinary" case. In support of their motion for a stay, Plaintiffs rely on *Stefffens v. Regus Group, PLC*, No. 08CV1494-LAB (WVG), 2012 WL 628235 (S.D. Cal. Feb. 24, 2012). In *Steffens*, the court denied the plaintiff's motion to re-tax costs but granted a stay because it found that "the sheer economic disparity between the parties, and the fact that this was a hard-fought case that was brought in good faith, provide an equitable reason to stay the Clerk's award of costs until [the] appeal is complete." *Id.*, at *3. However, this single sentence of reasoning did not analyze the four factors used to determine where a stay pending appeal is merited. Considering those factors, the Court concludes that a stay is not merited here.

The Court is not convinced that there is a strong likelihood that Plaintiffs are likely to succeed on their appeal. Further, it seems unlikely that Plaintiffs will be irreparably harmed in the absence of a stay since all have represented that they are able to pay the taxed costs. *See Opp.* 5:5–20. While Defendants are not likely to be harmed by a stay, and the public interest factor seems neutral, the Court concludes that these two factors are not sufficient to justify a stay given the absence of irreparable harm and a likelihood of success on the merits.

Accordingly, Plaintiffs' motion for a stay of the taxation of costs pending appeal is **DENIED**.

IV.     Conclusion

For the foregoing reasons, Plaintiffs' motion for review of the Clerk's taxation of costs is **GRANTED** in part and **DENIED** in part. The Court reduces the award of costs by $902.40. The total costs to be taxed against the Plaintiffs will therefore be **$30,192.96**.

Plaintiffs' motion for a stay pending appeal is **DENIED**.

**IT IS SO ORDERED**.